# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

SANDRA FOY JOHNSON, individually, )
and on behalf of the ESTATE OF )
DONALD JOHNSON, DECEASED, )
)
    Plaintiff, )
)
v. ) CV418-059
)
CORIZON HEALTH, INC., *et al.*, )
)
    Defendants. )

FILED
Scott L. Poff, Clerk
United States District Court
By tblanchard at 10:22 am, Mar 26, 2018

## REPORT AND RECOMMENDATION

In 2016, plaintiff Sandra Johnson, represented by counsel, filed a Complaint asserting claims virtually identical to those asserted in her latest complaint, which arises from the death of her husband, Donald Johnson, while in custody at Chatham County Detention Center. *Compare* doc. 1 at 5-18, *with Johnson v. Corizon Health, Inc., et al.*, CV416-256, doc. 1 (S.D. Ga. Sept. 21, 2016). She voluntarily dismissed the earlier case without prejudice. *See Johnson*, CV416-256, doc. 48 (S.D. Ga. Sept. 18, 2017).[1] She now wishes to revive those claims, acting

---

[1] The parties' stipulation of dismissal and the Order dismissing the case note that Johnson agreed, before renewing her action, that she would reimburse defendants

1

*pro se*,[2] and requests leave to proceed *in forma pauperis* (IFP). Doc. 2. Because she appears to be indigent, her IFP request is **GRANTED**. The Court, therefore, screens her Complaint pursuant to 28 U.S.C. § 1915.[3]

Johnson alleges that her husband died while incarcerated at Chatham County Detention Center on November 13, 2014. Doc. 1 at 10-11. She alleges that his death was the result of defendants' deliberate indifference to his serious medical needs and that the Chatham County Sheriff, responsible for the Detention Center, had a policy or custom of deliberate indifference. *Id*. at 12-17. She also asserts a state-law wrongful-death claim. *Id*. at 17-18.

---

$7,000 for expert witness fees. *See Johnson*, CV416-256, doc. 48 ("[T]he parties further agree that prior to any renewal of this action against any or all of the Defendants, Plaintiff will pay $7,000 for the costs and fees incurred for the use of expert witnesses."). Johnson's current complaint does not mention that condition. *See generally* doc. 1. However, since, as discussed below, her claims should be dismissed, the question is moot.

[2]  Johnson cannot pursue the Estate's claims *pro se*. *See, e.g., Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (non-lawyer executor was not permitted to proceed pro se on behalf of the estate). Her inability to pursue the Estate's claims provides an alternative reason for dismissal. However, as all the asserted claims are time-barred, the Court need not distinguish them.

[3]  Where a plaintiff is granted leave to proceed IFP, the Court must screen the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed, prior to service, as time-barred if the running of the limitations period is clear on its face. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (applying 28 U.S.C. § 1915(e)(2)(B) to prisoner complaint).

The statute of limitations on a plaintiff's claim for violation of her federal constitutional rights under 42 U.S.C. § 1983 is resolved by reference to state law. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). A § 1983 claim is timely if it is brought within the period "which the State [in which the cause of action arose] provides for personal-injury torts." *Id.* In Georgia, the applicable statute of limitations is two years. *See* O.C.G.A. § 9-3-33; *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006). The period "begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1262 (11th Cir. 2003). Johnson's wrongful death claim is subject to the same two-year limitations period. *See DeKalb Med. Ctr., Inc. v. Hawkins*, 282 Ga. App. 840, 845 (2007), *disapproved on other grounds by Harrison v. McAfee*, 383 Ga. App. 393 (2016) (because Georgia's wrongful death statute does not include a specific statute of limitations, "the general two-year statute of limitations for personal injury claims[ ] applies to wrongful death claims that do not arise from medical malpractice.").

Plaintiff's Complaint is clear that Mr. Johnson died on November 13, 2014.  Doc. 1 at 10-11.  Thus, the last date on which a claim arising from his death could be asserted was November 13, 2016.  Plaintiff filed her original suit on September 24, 2016, several weeks before the statute of limitations ran.  Her current suit is several years beyond the end of the limitations period.

The only way any claims arising from Mr. Johnson's death could be pursued is if the limitations period were tolled.  Like the limitations period itself, "state law generally determines tolling rules." *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (citing *Wallace*, 549 U.S. at 393-96).  Johnson's Complaint does not allege any statutorily recognized reason for tolling.  *See* O.C.G.A. §§ 9-30-90 to 99; doc. 1.  It also fails to present any "extraordinary" circumstance that might support equitable tolling.[4]  *See, e.g., Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242

---

[4]  The Court recognizes that plaintiff's former counsel did not conduct the previous case in an exemplary fashion.  *See Johnson,* CV416-256, doc. 42 at 2-3 (S.D. Ga. Aug. 8, 2017) (denying plaintiff's second counsel's request for a discovery extension because plaintiff could not show diligent prosecution); CV416-256, doc. 43 (representing that counsel, who was permitted to withdraw, "did not diligently prosecute" the case and "did not diligently pursue discovery").  Even assuming that her counsel was negligent, such negligence is not a basis for equitable tolling.  *See, e.g., Maples v. Thomas*, 565 U.S. 266, 282 (2012) (discussing *Holland v. Florida*, 560 U.S. 631 (2011), and explaining, albeit in the habeas context, "the Court recognized that an attorney's negligence . . . does not provide a basis for tolling a statutory time limit," although

(11th Cir. 2004); *Salas*, 297 F. App'x at 877 ("[E]quitable tolling is appropriate only in 'extraordinary circumstances,' and the [plaintiff] bears the burden of showing that equitable tolling is warranted." (citation omitted)). Accordingly, claims asserted in the Complaint are time-barred and should be **DISMISSED**.[5]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

---

conduct amounting to abandonment might require a different result).

[5] Despite the lack of any apparent basis to avoid the time-bar, Johnson's opportunity to object to this Report and Recommendation within 14 days of service, *see infra.*, affords her an opportunity to resuscitate her case.

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 26th day of March, 2018.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA